IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MITCHELL PARRISH, <br><br> Plaintiff-Petitioner, <br><br> vs. <br><br> ENDURANCE DEALER SERVICES, LLC d/b/a ENDURANCE WARRANTY SERVICES, LLC, <br><br> Defendant-Respondent. | CV 24–78–M–DWM <br><br> ORDER |

On June 4, 2024, Plaintiff-Petitioner Mitchell Parrish petitioned to confirm an arbitral award issued in Arbitration Case No. 01-22-0002-4335 (the "Award") and enter judgment against Defendant-Respondent Endurance Dealer Services, LLC d/b/a Endurance Warranty Services, LLC[1] ("Endurance") pursuant to Section 9 of the Federal Arbitration Act ("FAA"). (Doc. 1); 9 U.S.C. § 9. The underlying dispute arises out of a vehicle services contract provided by Endurance. (*Id.*) In response, Endurance filed a motion to vacate the Award as "improvident" and entered in violation of the Act. (Doc. 4.) On October 18, 2024, Parrish moved once again to confirm the arbitral award and enter judgment against Endurance.

---

[1] Endurance Dealer Services, LLC was incorrectly sued as Endurance Dealer Services, LLC d/b/a Endurance Warranty Services, LLC.

1

(Doc. 29.) A motion hearing was held on December 17, 2024. Ultimately, because the Court lacks subject matter jurisdiction over the petition as currently pled, Parrish will be given leave to amend his pleading.

Confirmation or vacatur of an arbitral award in federal court under Section 9 requires an independent jurisdictional basis conferring access to a federal forum. *Badgerow v. Walters*, 596 U.S. 1, 4, 8 (2022); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). If an applicant cannot identify such a grant of jurisdiction, "the action belongs in state court." *Badgerow*, 596 U.S. at 8. Federal diversity jurisdiction, which is pled here, requires that the dispute involve more than $75,000 and that there be complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). "[S]ubject matter jurisdiction must exist at the outset of a suit, although it may be achieved through amended pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 610 (9th Cir. 2016). The party seeking to invoke diversity jurisdiction bears the burden of pleading and proving diversity jurisdiction, *id.* at 613–14, which is accomplished through affirmatively alleging the actual citizenship of the relevant parties, *see Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 n.3 (9th Cir. 1998); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining that the party invoking federal jurisdiction has the burden to "allege . . . the facts essential to show jurisdiction").

In cases where entities rather than individuals are litigants, diversity

2

jurisdiction depends on the form of the entity. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, Endurance is a limited liability company, whose ownership consists of limited liability companies, partnerships, and trusts. (*See* Doc. 44 at 1.) A limited liability company "is a citizen of every state of which its member are citizens." *Johnson*, 437 F.3d at 899. A partnership has the citizenship of each of its "members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). A "traditional trust," *Americold v. Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383–84 (2016), has the citizenship of its trustee(s), *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464–66 (1980); *Johnson*, 437 F.3d at 899.

Here, Parrish has alleged that he is a citizen of Montana while Endurance is incorporated and has its principal place of business in Illinois. (Doc. 1 at 2.) In doing so, Parrish incorrectly treated Endurance as a corporation, rather than a limited liability company, and made no reference to the citizenship of its members. *See Johnson*, 437 F.3d at 899. Accordingly, Parrish's petition fails to adequately allege complete diversity on its face. *See NewGen*, 840 F.3d at 611. However, because "[d]efective jurisdictional allegations are not fatal." *See id.* at 611; 28 U.S.C. § 1653, he is given leave to amend.

Accordingly, IT IS ORDERED that on or before January 7, 2025, Parrish may file an amended petition addressing the deficiency identified above. If he fails

3

to do so, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

DATED this 17th day of December, 2024.

_____
Donald W. Molloy, District Judge
United States District Court